THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:13-cv-00078-MR-DLH

| | |
|---|---|
| JEAN TAYLOR-TODD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | O R D E R |
| ) | |
| ) | |
| GERALD MARTIN SHAPIRO, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2]; the Plaintiff's Motion for Service of Process by U.S. Marshal or Deputy Marshal [Doc. 3]; the Plaintiff's Request for Email Notification of Electronic Filing [Doc. 4]; and the Plaintiff's Motion for Rule 42 Consolidation [Doc. 5].

Because the Plaintiff, who is proceeding *pro se*, seeks to proceed *in forma pauperis*, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e)

"governs IFP filings in addition to complaints filed by prisoners"). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 827, 104 L.Ed.2d 338 (1989). The Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including such claims that describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327, 328, 109 S.Ct. 827.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction ... [and] (2) a short and

2

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotation marks omitted)).

Here, the Plaintiff asserts various state and federal claims against Gerald Martin Shapiro, both individually and in his "professional capacity" as the chairman and CEO of "LOGS"; HBSC Finance Corporation; Merscorp, Inc.; The LOGS Group LLC; Marven Dale Trivette; Cindy Trivette; and "John and Jane Does 1-1000." The Complaint, which is fifty-three (53) pages in length and contains over 300 paragraphs of allegations, generally asserts a conspiracy among the Defendants "to defraud Plaintiff of her property, in violation of state and federal laws, when they knew, or should have known that they lacked the authority to do so…." [Doc. 1 at ¶37]. The Plaintiff then goes on to challenge at length the legality of the state foreclosure proceedings which ultimately led to the judicial sale of the Plaintiff's real property to Defendants Marven and Cindy Trivette.

3

The Plaintiff's action is barred by what is commonly known as the Rooker-Feldman doctrine. Under that doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Lance v. Dennis, 546 U.S. 459, 463, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006) (per curiam). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

For the Rooker–Feldman doctrine to apply, the party seeking relief in federal court must be seeking to "'reverse or modify' the state court decree." Adkins v. Rumsfeld, 464 F.3d 456, 464 (4th Cir. 2006) (quoting Exxon Mobil, 544 U.S. at 284, 125 S.Ct. 1517). The Court therefore must "examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If [the state-court loser] is not challenging the state-court decision, the Rooker–Feldman doctrine does not apply." Davani v. Va. Dep't of Transp., 434 F.3d 712, 718 (4th Cir. 2006) (footnote omitted).

4

Here, the Plaintiff moves for a declaratory judgment declaring that the "conduct and orders of the Judges of the State of North Carolina, 24th Judicial District, and their representatives, be adjudged and declared to have been in violation of Plaintiff's rights pursuant to the North Carolina State Constitution, Section 19; and pursuant to the Constitution of the United States of America, Amendments I, IV, and XIV." [Prayer for Relief, Doc. 1 at 51]. The Plaintiff further requests that "all of the previous orders entered by the State Judges and their representatives, pertaining to Plaintiff's Property and rights, be declared null and void and cancelled." [Id.]. The Plaintiff's Complaint clearly seeks redress for injuries purportedly caused by the Defendants' involvement in the foreclosure proceeding, culminating in the foreclosure judgment and judicial sale of the Plaintiff's real property. This Court, however, lacks subject-matter jurisdiction to sit in direct review of North Carolina's courts with regard to the state foreclosure action. See, e.g., Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 199 (4th Cir. 2000); Jordahl v. Democratic Party of Va., 122 F.3d 192, 202-03 (4th Cir. 1997). Accordingly, the Court concludes that the Rooker-Feldman doctrine requires dismissal of this case.[1]

---

[1] To the extent that part of the Plaintiff's Complaint could be construed as not challenging the foreclosure judgment itself, the Complaint nevertheless fails to state a

Additionally, the Court concludes that the Plaintiff's Complaint is frivolous. The Plaintiff premises her claims against the Defendants on the theory that the promissory note that she executed in favor of the lender was not a negotiable instrument and therefore could not be assigned to any other party. [Complaint, Doc. 1 at ¶54]. She further alleges that the subsequent assignment of this note was unlawful and constituted an act of "domestic terrorism against Plaintiff" in violation of federal law. [Id. at ¶97]. Further, the Plaintiff's Complaint is replete with other baseless and impertinent allegations against the Defendants and other non-parties. For example, the Plaintiff alleges that the Defendants, in the course of pursuing foreclosure proceedings against her property, committed various crimes, including acts of wire fraud, false oaths, identity theft, and violations of the Hobbs Act. [See, e.g., Complaint, Doc. 1 at ¶¶ 97, 105, 234, 246, 270-72]. In further support of her various federal claims under RICO, RESPA, the Fair Housing Act, and the Fair Debt Collections Practices Act, she contends that one of the unidentified "agents" of the Defendants "tried to

---

claim upon which relief can be granted. While the Plaintiff asserts claims for violations of various federal statutes, such as RICO, RESPA, the Fair Housing Act, and the Fair Debt Collection Practices Act, the Plaintiff offers nothing more than conclusory allegations to support these claims. [See Complaint, Doc. 1 at ¶¶96-104].

6

run over [her] with his van"; that another "indecently exposed himself" to the Plaintiff; that another threatened her with a knife; and that "many" others "stalked, tormented, ridiculed, and harassed Plaintiff at all times relevant herein." [Id. at ¶234]. Plaintiff further alleges that shortly before the "illegal auction" of her property, she received a "'message' from Defendants" in the form of "a huge helicopter hovering beside her remote home late at night, almost landing." [Id. at ¶235]. She further makes such baseless allegations as "the government of the United States of America may have contributed to the crimes alleged in this action, including but not limited to, the firing of Congressional Budget Office employee, Dr. Lan Pham in 2010 when she attempted to expose the impact of [Defendant] MERS on American mortgages and on the national economy." [Id. at ¶80]. Such allegations offer no arguable basis for the relief the Plaintiff seeks. For these reasons, the Court concludes that this action is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court further concludes that dismissal of this action is also warranted under 28 U.S.C. § 1915(e)(2)(B)(i) due to the malicious nature of the Plaintiff's filing. By her own admission, the Plaintiff's present Complaint relates to matters that she has already litigated in numerous other actions in state court. Indeed, she has litigated these matters to such an extreme

7

degree that at least two state judges have entered "gatekeeper orders" to restrain the Plaintiff from filing any further pleadings in any state court. [See Complaint, Doc. 1 at ¶206]. Additionally, the Plaintiff attempted in October 2012 to commence a civil action in this Court against Marvin Trivette and others by filing a motion seeking an enlargement of time to file her complaint under North Carolina Rule of Civil Procedure 3(a). The Plaintiff's motion was denied, as the Federal Rules do not provide for the commencement of a civil action without the contemporaneous filing of a complaint as contemplated by the North Carolina Rules. [See Misc. Case No. 1:12-mc-00028-MR-DLH, Doc. 7]. Nevertheless, it is clear from the allegations set forth in the filings in that case that the action involved the same subject matter which underlies the present civil action. "A party's abuse of the legal process by repeatedly filing previously litigated claims can render an action subject to dismissal as malicious." Brett v. Hansen, No. 5:12-CV-127-BR, 2013 WL 663914, at *3 n.5 (E.D.N.C. Feb. 25, 2013) (citing Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir.1996).

Upon review of the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, the Court finds that she is unable to make prepayment of the required fees and costs and therefore the Application should be allowed. The Court concludes, however, that the

8

allegations set forth in the Plaintiff's Complaint are frivolous and malicious and fail to state a cognizable claim upon which relief may be granted. When a Court determines upon a § 1915(e) review that a complaint is factually or legally baseless, the Court must dismiss the case. See Neitzke, 490 U.S. at 328, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); White, 886 F.2d at 724. It is the intent of Congress that such dismissals occur prior to service of the complaint on defendants. Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996). As such, the Court will dismiss this civil action.

This action is one of six civil actions which Jean Taylor-Todd filed with this Court within the span of one day. Each of these actions has been found to be frivolous and therefore subject to dismissal or remand. Litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions. See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2002); In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. See Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

The Plaintiff Jean Taylor-Todd is hereby informed that future frivolous filings will result in the imposition of a pre-filing review system. Cromer v.

9

Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. See Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] is **ALLOWED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Service of Process by U.S. Marshal or Deputy Marshal [Doc. 3]; Request for Email Notification of Electronic Filing [Doc. 4]; and Motion for Rule 42 Consolidation [Doc. 5] are **DENIED**.

**IT IS FURTHER ORDERED** that this action is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

The Clerk of Court is hereby directed to close this case.

**IT IS SO ORDERED.** Signed: April 11, 2013

Martin Reidinger
United States District Judge

11